UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE MASON TENDERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND, AND
TRAINING PROGRAM FUND, et al.,

                 Petitioners,

-against-

BAROCO CONTRACTING CORP.,

                 Respondent.

Case No. 23-cv-05106 (JLR)

**MEMORANDUM**
**OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

On June 16, 2023, Petitioners – Trustees of the Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, and Training Program Fund (the "Funds"), Anna Gutsin in her fiduciary capacity as Director of the Funds, and Michael Prohaska as Business Manager of the Mason Tenders District Council of Greater New York (the "Union") (collectively, "Petitioners") – filed a Petition under the Labor Management Relations Act of 1947 to confirm an arbitration award entered by impartial arbitrator Richard Adelman on June 21, 2022 against Baroco Contracting Corp. ("Respondent"). *See* ECF Nos. 1 ("Pet."), 1-1 ("Award"); *see also* ECF Nos. 11 ("Savci Decl."), 13 ("Br."). For the following reasons, the Petition is GRANTED.

## BACKGROUND

The following undisputed facts are principally taken from Petitioners' Petition and the sworn declaration of attorney Haluk Savci. *See* Pet.; Savci Decl.

The Funds are employee-benefit plans that provide "fringe benefits to eligible employees on whose behalf employers contribute . . . pursuant to collective bargaining agreements between employers in the building and construction industry and the [U]nion." Pet. ¶ 1. Anna Gutsin is

Director of the Funds. *Id.* The Union is a labor organization. *Id.* ¶ 2. Michael Prohaska is the Union's Business Manager. *Id.* Respondent Baroco Contracting Corp. is a construction contractor. Savci Decl. ¶ 7.

The Mason Tenders District Council of Greater New York entered into both a Master Independent Collective Bargaining Agreement, to which Respondent is a signatory, and a collective bargaining agreement with the Cement League, of which Respondent is a member. *See id.*; Award at 1; ECF No. 11-1, Ex. 2 (the "Agreements"). Under these agreements, Respondent was required to make certain contributions and payments to the Funds for covered employees pursuant to the rates and schedules set forth in the Agreements. Pet. ¶ 6; Savci Decl. ¶ 11. The Funds were also designated as the authorized collection agent for employer contributions made under the New York State Laborers Employer Cooperation and Education Trust Fund, the New York Laborers Health and Safety Trust Fund, and the Greater New York Laborers – Employers Cooperation and Education Trust Fund. Pet. ¶ 6; *see* Agreements at 18, 43. The Funds were also the authorized collection agent for the Union and Mason Tenders District Council Political Action Committee for dues and contributions voluntarily authorized by employees. Pet. ¶ 6; *see* Agreements at 18, 43.

If Respondent, as an employer, fails to make a required contribution or to provide its books and records for examination, the Agreements grant the Funds the power to demand, collect, and receive employer contributions, including through arbitration. Pet. ¶¶ 13, 15; Savci Decl. ¶¶ 13-14; ECF No. 11-1, Ex. 3 §§ 9.8-9.9 (the "Trust Agreements") (attaching excerpts of the Trust Agreements at Article IX); *see* Agreements at 20, 46 (binding Respondent to the terms of the trust agreements). The Agreements further provide that, in an action commenced by the Funds for unpaid contributions, Respondent shall pay to the Funds (i) unpaid contributions; (ii)

interest on unpaid contributions; (iii) interest on the unpaid contributions as and for liquidated damages; and (iv) attorney's fees and costs for the action.  Pet. ¶ 12; Savci Decl. ¶ 15; *see* Trust Agreements § 9.9.

Based on an employee's paystubs and on union shop steward reporting of hours worked, the Funds determined that Respondent failed to pay certain fringe benefits and other contributions to the Funds for the periods February 1, 2017 through April 30, 2017, and April 1, 2021 through June 30, 2021.  Pet. ¶ 14; Savci Decl. ¶ 18.

On May 13, 2021, the Funds served Respondent by certified mail with a notice and demand for arbitration.  Savci Dec. ¶ 19.  Impartial arbitrator Richard Adelman (the "Arbitrator") scheduled a hearing by remote videoconference for June 14, 2022.  *Id.*

On June 14, 2022, the Arbitrator convened the hearing.  *Id.* ¶ 20.  No representative appeared for Respondent.  *Id.*  The Arbitrator, finding that Respondent had received all notices in the matter and failed to respond or appear, proceeded with the hearing as a default matter.  *Id.*

The Funds submitted evidence in support of their claim that Respondent failed to pay required benefit contributions, including an employee's paystubs for the period February 1, 2017 through April 30, 2017 and testimony and the summary report from the Funds' auditors detailing the delinquency based on shop steward reports for the period April 1, 2021 through June 30, 2021.  *Id.* ¶ 21.

On June 21, 2022, the Arbitrator issued an opinion and Award.  Pet. ¶ 17; Award.  Based on the unrebutted evidence and hearing record, the Arbitrator found for the Petitioner Funds and ordered Respondent to pay the Funds a total of $24,390.48.  Savci Decl. ¶ 22; Award.  This total included, for the period February 1, 2017 through April 30, 2017, $4,468.12 in delinquent contributions, $1,164.83 in interest on the late contributions, and $1,164.83 in liquidated

damages, and, for the period April 1, 2021 through June 30, 2021, $14,098.24 in delinquent contributions, $329.68 in dues and PAC contributions, $632.39 in interest, $632.39 in liquidated damages, $500 in attorney fees, and $1,400 in arbitration costs.  Savci Decl. ¶ 22; Award.

The Arbitrator forwarded his decision to both parties.  Pet. ¶ 18.  Pursuant to the Award, the Funds made a demand on Respondent for the $24,390.48 awarded.  *Id.*  Respondent has made no payments under the Award.  *Id.*

Petitioners filed the instant Petition to confirm the Award on June 16, 2023.  *See generally* Pet.  On June 21, 2023, the Court issued an Order stating that the Petition to confirm the arbitration award would be treated as a motion for summary judgment and set down a briefing schedule, requiring Petitioners to file any additional supporting papers by July 7, 2023 and directing Respondent to file any opposition by July 28, 2023.  *See* ECF No. 6.  Respondent was personally served with the Petition on June 30, 2023 and through the Secretary of State on June 26, 2023.  *See* ECF Nos. 7-8.  On August 3, 2023, the Court extended the briefing schedule so that Petitioners' submission was due on August 31, 2023.  *See* ECF No. 10.  Petitioners filed a memorandum of law and other supporting documents on August 30, 2023 and served the documents on Respondents the same day.  *See* ECF Nos. 11-14.  On August 31, 2023, the Court extended the deadline for Respondents' opposition to September 21, 2023.  ECF No. 15.  To date, Respondent has not responded to the Petition or otherwise sought relief from the Award.

## DISCUSSION

### I.  Standard of Review

The Court's review of an arbitration award is "narrowly circumscribed and highly deferential – indeed, among the most deferential in the law."  *NFL Mgmt. Council v. NFL Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016).  "The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of

the court." *Beijing Shougang Mining Inv. Co. v. Mongolia*, 11 F.4th 144, 160 (2d Cir. 2021) (quoting *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997)). An award should be confirmed as long as the arbitrator is "arguably construing or applying the contract and acting within the scope of his [or her] authority." *NFL Mgmt. Council*, 820 F.3d at 532 (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)). "In other words, 'an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached.'" *Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir. 2019) (quoting *Landy Michaels Realty Corp. v. Local 32B-32J Serv. Emps. Int'l*, 954 F.2d 794, 797 (2d Cir. 1992)). Notwithstanding this deferential standard, and the fact that this Petition is unopposed, the Court must still examine the record as it would in the context of a motion for summary judgment. *See D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006) (holding that "the petition and accompanying record should have been treated as akin to a motion for summary judgment based on the movant's submissions"). The Court must "determine if [the petitioner] has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).

## II.    Confirmation of the Arbitration Award

Petitioner timely filed the Petition to confirm the June 21, 2022 Award as it was filed within one year of the award. *See* Award; Pet.; *Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 159-60 (2d Cir. 2003) (holding that "a party to an arbitration is entitled to the benefits of the streamlined summary proceeding" to confirm if "it files at any time within one year after the award is made"). Respondent chose not to appear or dispute the Petition, after having been provided sufficient notice and time to respond. After review of the Petition, sworn attorney declaration of Haluk Savci, and supporting exhibits, the Court finds that there is no genuine issue

of material fact in dispute precluding summary judgment for Petitioners. Petitioners attest, and Respondent has not disputed, that Respondent was bound by the Agreements to provide payments to the Funds, and that the agreements provided for arbitration of disputes regarding the foregoing. Pet. ¶¶ 8-10, 15; Savci Decl. ¶¶ 8, 11, 13-14. Respondent, despite receiving all notices in the matter, failed to respond or appear at the arbitration hearing on June 14, 2022. Savci Decl. ¶ 18. Respondent did not file any opposition here, despite service of the Petition and supporting papers, and ample time to respond. *See generally* ECF No. 15. Based on the record presented, there is more than a "colorable justification" for the Award. *Landau*, 922 F.3d at 498 (quoting *Landy Michaels Realty Corp.*, 954 F.2d at 797). Therefore, the Court confirms the Award in favor of Petitioners.

## CONCLUSION

For the reasons stated above, the Court grants Petitioners' unopposed Petition to confirm the Award. Judgment is entered in favor of Petitioners and against Respondent as follows:

(a) The arbitration award dated June 21, 2022 is confirmed;

(b) Respondent is ordered to pay Petitioners a total of $24,390.48 pursuant to the terms of the Award; and

(c) Respondent is ordered to pay Petitioners post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961(a).

Dated: October 6, 2023
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge